THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK ALSTON, Appellant. [792 NYS2d 73]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J., at suppression hearing; Eduardo Padro, J., at plea and sentence), rendered January 26, 2004, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. In return for the free use of a locker, defendant, a resident of a homeless shelter, signed a contract expressly agreeing to keep the locker "in an orderly and sanitary condition," and also agreeing that the shelter, which maintained a master key, would have the unlimited right to inspect the locker. Defendant's eligibility for free lodging at the shelter was not conditioned on whether or not he chose to have a locker.

We conclude that defendant thus agreed to a search of his locker, conducted by a peace officer with the consent of the shelter, that yielded a quantity of drugs. We also note that the search was prompted by the fact, established at the hearing and undisputed on appeal, that defendant was observed selling drugs to his fellow shelter residents. Moreover, aside from being an express consent to a search, defendant's contractual obligation

to permit access by the locker's owner eliminated any reasonable expectation of privacy defendant may have had in the locker (*see People v Nalbandian*, 188 AD2d 328 [1992], *lv denied* 81 NY2d 890 [1993]; *see also People v Overton*, 24 NY2d 522 [1969]). Concur—Ellerin, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.