██ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR HORRACH, Appellant, v WARDEN, OTIS BANTUM CORRECTIONAL CENTER, et al., Respondents. [859 NYS2d 427]—

Order, Supreme Court, Bronx County (Caesar Cirigliano, J.), entered January 19, 2007, which denied petitioner's application for a writ of habeas corpus, unanimously affirmed, without costs.

Petitioner was arrested and charged with a parole violation when drugs were found in the locker that was assigned to him at a homeless shelter. A preliminary parole revocation hearing, at which petitioner did not raise any objection to the search of the locker, resulted in a finding of probable cause to believe that

petitioner had violated the conditions of his parole by possessing a controlled substance. Petitioner then filed the instant habeas corpus proceeding alleging that the search of the locker was unlawfully conducted without his consent, a warrant, or particularized suspicion, and seeking, inter alia, to have the drugs recovered from the locker suppressed at the final revocation hearing. Although the remedy of habeas corpus is no longer available as petitioner has been released from respondent Warden's custody (*People ex rel. Goldberg v Warden of Rikers Is. Correctional Facility*, 45 AD3d 356 [2007], *lv denied* 10 NY3d 704 [2008]), the proceeding is not moot because the question of whether petitioner was lawfully arrested affects the period of his postrelease supervision (*cf. id.*). Accordingly, we deem the matter to be a proceeding seeking to compel respondent to hold a suppression hearing in connection with the final parole revocation hearing. So considered, we hold that petitioner is not entitled to a suppression hearing. Respondent's opposition establishes that Department of Homeless Services' (DHS) procedures require that before a client is given a locker assignment, DHS staff must review with the client, and provide him or her with, a form acknowledging that the locker is "subject to inspection, at any time, by authorized personnel, pursuant to agency procedures." Accordingly, DHS clients can have no reasonable expectation of privacy in an assigned locker (*see People v Alston*, 16 AD3d 358 [2005], *lv denied* 4 NY3d 883 [2005]). We reject petitioner's argument that in order to show no such expectation, respondent had to submit a locker assignment form that was signed by petitioner, or otherwise demonstrate that he affirmatively consented to searches of the locker. DHS's procedures require only that the form be reviewed with clients, and no claim is made by petitioner that it was not. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.